IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RONALD E.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-528**   (Fam. Ct. Jefferson Cnty. No. FC-19-2023-D-13)

**KELLI E.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E.[1] ("Husband") appeals the Family Court of Jefferson County's Final Equitable Distribution Order entered on October 24, 2023, denying his request for an offset of a portion of marital debt and finding that Respondent Kelli E.'s ("Wife") 2% share of her family's limited liability company ("LLC") was not marital property, among other things. Wife responded in favor of the family court's decision.[2] Husband did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, vacated, in part, and remanded for further proceedings consistent with this decision.

The parties were married on October 15, 2016, in Frederick County, Maryland. They share three minor children. Wife filed for divorce and the temporary hearing was held on April 6, 2023. Regarding equitable distribution, Husband was given exclusive use of the marital home and was ordered to make the associated mortgage payments.

Multiple final hearings were held on October 24, 2023, after the family court bifurcated several issues from the divorce, held individual hearings, and issued separate

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Ronald E. is represented by Anna L. Adkins, Esq. Kelli E. is represented by Gregory A. Bailey, Esq., and Cameron T. LeFevre, Esq.

final orders on each. This appeal only concerns equitable distribution. The final order on equitable distribution was entered on the same day as the hearing. In that order, the family court made the following findings of fact and conclusions of law:

1. Husband shall receive the marital home and the debt associated with it.
2. Husband's request for *Conrad* credits for the payments he made on the marital home is denied because the payments were to his benefit.
3. The 12% ownership in the LLC by wife was a gift to her and is her separate property; taxes paid on disbursements were covered by the LLC and not by marital funds.[3]
4. Husband shall pay Wife $180,000 as her share of equitable distribution.

It is from the October 24, 2023, Final Equitable Distribution Order that Husband now appeals.

We apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises four assignments of error, which we will address in turn. First, Husband asserts that the family court erred by conducting the final equitable distribution hearing by proffer rather than by the presentation of evidence and testimony from the parties. In support of his argument, Husband cites Rule 20 of the West Virginia Rules of Practice and Procedure for Family Court.[4] We disagree. Upon review of the

---

[3] Husband argued that 2% of the 12% of Wife's share of an LLC was marital property and that marital funds were used to pay federal taxes on the dividends that were received. Wife argued that her percentage of the LLC was a premarital asset and a gift from her parent(s). She further asserted that none of the funds received were comingled in any way.

[4] Rule 20 of the West Virginia Rules of Practice and Procedure for Family Court states, "[w]ith the exception of hearings on temporary relief, no hearing shall be conducted exclusively by the presentation of evidence by proffer."

October 24, 2023, divorce proceedings in their entirety, we conclude they were not completed exclusively by proffer. The parties participated by answering questions or providing documentary evidence that pertained to Wife's LLC shares and neither party objected to how the hearing was conducted. Therefore, we cannot find that the family court committed error.

Second, Husband contends that the family court erred by denying his request for *Conrad* credits[5] for payments he made toward the marital home, tax liabilities, utility bill payments, air conditioner repair costs, tax preparation fees, car insurance, property taxes, and the marital home appraisal. We conclude that Husband's argument lacks merit. In *Conrad*, the marital home was sold. However, here, Husband retained the marital home and paid for its upkeep and maintenance while he occupied it. Thus, the payments directed to the marital home and its upkeep were to his benefit. Regarding the payments not associated with the marital home, the family court gave Husband one-half credit for them. Therefore, we conclude that the family court's decision was not clearly erroneous or an abuse of discretion.

Husband's third and fourth assignments of error present interrelated issues; therefore, we consolidate these two arguments.[6] Here, Husband argues that the family court erred in determining that Wife's 2% share of her family's LLC, which she received during the marriage was a gift and that the family court wrongfully placed the burden of proof on Husband to show why the LLC shares should be categorized as marital property. Husband argues, instead, that the burden of proof should have been on Wife to show that the LLC shares were her separate property. We decline to address these assignments of error because the family court's order lacks sufficient findings of fact and conclusions of law necessary for a meaningful appellate review. *See, e.g., Miranda B. v. Timothy O.*, No. 22-ICA-130, 2023 WL 1463825, at *2 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). It is unclear from the equitable distribution order how the family court determined that Wife's LLC shares were categorized as separate property and not marital property.

With regard to which party should bear the burden of proof, the Supreme Court of Appeals of West Virginia has held that, "[t]he party seeking to exclude property from the marital estate that is presumptively marital property, has the burden of persuasion on that issue." Syl. Pt. 4, *Mayhew v. Mayhew*, 205 W. Va. 490, 493, 519 S.E.2d 188, 191 (1999).

---

[5] *See Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) (holding that, in the event of the sale of a marital home, both parties should be permitted to recoup one-half of all amounts paid by them for the maintenance and one-half of the principal and interest).

[6] *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating assignments of error).

Here, it is unclear from both the order and the record which party the family court deemed to have the burden of proof regarding whether the 2% share was Wife's separate property or marital property. Therefore, we vacate and remand to the family court for further analysis of these two assignments of error. Specifically, the family court is directed to enter an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review as to whether the shares constitute marital or separate property. On remand, the family court may conduct such further proceedings as it deems necessary.

Accordingly, we affirm, in part, vacate, in part, and remand to the Family Court of Jefferson County for further proceedings consistent with this decision.

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4